145 F.3d 1337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert Elliott GOODLETTE, Petitioner-Appellant,
v.
S. Frank THOMPSON, Respondent-Appellee.
 No. 97-35475.
D.C. No. CV-95-01152-JAR.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1998**.
Decided May 19, 1998.
 
 Appeal from the United States District Court for the District of Oregon Janice M. Stewart, Magistrate Judge, Presiding.
 Before SCHROEDER, TROTT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Oregon state prisoner Robert Elliott Goodlette appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his 1989 jury conviction for first degree sodomy. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review the denial of Goodlette's petition de novo, see Hendricks v. Calderon, 70 F.3d 1032, 1036 (9th Cir.1995), and we affirm.
 
 
 3
 Goodlette contends that his trial counsel rendered ineffective assistance by failing to locate, interview, and subpoena potential defense witness Steve Kinnie. We disagree.
 
 
 4
 We review de novo claims of ineffective assistance of counsel, and we accept the district court's factual findings unless clearly erroneous. See Sanders v. Ratelle, 21 F.3d 1446, 1451-52 (9th Cir.1994). To prevail on a claim of ineffective assistance, a petitioner must show that counsel's performance was deficient and that the deficiency resulted in actual prejudice. See Strickland v.. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
 
 
 5
 Here, the magistrate judge's factual findings are not clearly erroneous. See Sanders, 21 F.3d at 1452. Based on those specific and detailed findings, counsel's attempts to contact Kinnie were reasonable and do not constitute deficient performance. See Strickland, 466 U.S. at 690-91; Henricks, 70 F.3d at 1036 (examining attorney's actions "according to what was known and reasonable at the time the attorney made his choices"). Nor is there a reasonable probability that counsel's failure to subpoena Kinnie affected the outcome of the proceeding because the victim admitted and testified to her own drug use. See Strickland, 466 U.S. at 694. In these circumstances, Goodlette has not established ineffective assistance of counsel. See id. at 687-88.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Goodlette's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3